## AKRON ENGINEERING COMPANY v. GOODHUE TIRE & RUBBER COMPANY.[1]

April 1, 1926.

No. 25,271.

**Refusal to assess stockholders sustained.**

Evidence considered and *held* sufficient to support an order refusing to grant an order assessing stockholders of a corporation for secondary liability until some attempt has been made by the receiver to recover the subscription price of stock, apparently issued, which has not been paid.

Corporations, 14a C. J. p. 996 n. 51.

John C. De Courcy, receiver of defendant, appealed from an order of the district court for Goodhue county, Schultz, J., denying his application for assessment against stockholders of the Goodhue Tire & Rubber Company. Affirmed.

*James E. Trask* and *Morphy, Bradford & Cummins*, for appellant.
*Albert Mohn, A. J. Rockne* and *Christofferson, Walsh, Christofferson & Jackson*, for respondents.

QUINN, J.

This is an appeal from an order of the district court of Goodhue county denying the application of appellant for an assessment against the stockholders of the Goodhue Tire & Rubber Company, made upon the return and hearing of an order to show cause why such an assessment should not be made. Several stockholders answered to the order to show cause, a hearing was had and the court found from the proofs offered by the petitioner that a large amount of capital stock had apparently been subscribed and the certificates therefor issued, but that the stock had not been paid for, and entered an order to the effect that, until the receiver had made some attempt to collect for such stock, the petition should be denied. The appeal is from that order.

[1]Reported in 208 N. W. 424.

The defendant, Goodhue Tire & Rubber Company, a Minnesota corporation, was organized in 1920 under the name of the Sponge Tire & Rubber Company, with an authorized capital of $1,500,000, divided into 15,000 shares of the par value of $100 each, with its principal place of business at Saint Paul. In November, 1921, its place of business was changed to Red Wing and its authorized capital stock reduced to 5,000 shares of the par value of $100 each. In January, 1922, its original name was changed to Goodhue Tire & Rubber Company.

Shortly after its organization in May, 1920, 35 certificates of stock, representing over 5,000 shares, were issued to various persons and the certificates were entered in a stock ledger. Later, 6 pages of the ledger, containing such entries, were cut from the book and a portion of the certificates marked "canceled" and pasted back into the stock book. Other certificates, fully made out to named persons, were never removed from the stock book and still others were marked in various ways. Subsequently, over 300 certificates were issued and, excepting about 25 thereof, were delivered and the stock represented thereby paid for.

On August 4, 1922, the corporation undertook to change its nature and character so as to limit its business exclusively to manufacturing, by filing a resolution, adopted by its stockholders, in the office of the secretary of state.

In January, 1923, Dobner & Miller, creditors of the corporation, brought an action against the corporation in Ramsey county on behalf of themselves and all other creditors. Upon hearing, the court entered an order adjudging the corporation in imminent danger of insolvency and appointed T. R. Willwerscheid as receiver to take possession of the company's property and liquidate its indebtedness. The property was thereafter sold by the receiver and converted into money which was applied in payment of the expenses and the balance distributed among the creditors, which payment amounts to 6.5 per cent of the indebtedness. In April, 1924, the district court of Ramsey county entered an order allowing the receiver's final account, discharging him from his trust and releasing his bond.

Subsequently the present proceeding was instituted, appellant was appointed receiver and he procured an order to show cause why an assessment against the capital stock and the parties liable to assessment on account thereof should not be made. The decisive question, in disposing of this appeal, is whether the proofs show that there has been a full exhaustion of all assets, including subscribed capital stock. There is evidence tending to show that certificates were issued for many thousands of dollars of stock to various persons, which stock was subsequently canceled without any explanation as to the disposition of the proceeds, if any there were, flowing from such stock subscription. The minute book of the corporation was missing. No satisfactory explanation was offered for its absence nor for the manner of the cancelation of the certificates of stock, nor was there any subscription list in connection with the issuance of the stock.

The court had a right to be informed upon these matters. It had a right to know, before ordering an assessment, just what stock had been subscribed, what part thereof had been issued and whether the same had been paid for. It was because of a lack of proof along these lines that the court refused to order an assessment and dismissed the order to show cause. The evidence, as it appears in the record, fully justified the court in so refusing an order for an assessment.

The respondent makes no claim that the proceeding had in the Ramsey county court is res judicata, nor that the order appealed from should be sustained on account of any attempt to change the articles of incorporation relieving the stockholders from such an assessment upon the ground of the corporation being a manufacturing concern.

We are of the opinion and hold that the order appealed from should be affirmed, but without prejudice to the right of appellant to renew his application for an order for such an assessment.

Affirmed.